Before CHAMBERS and GOODWIN, Circuit Judges, and COPPLE,* District Judge.

### ORDER AFFIRMING

The judgment appealed from is affirmed for the reasons stated by District Judge Enright in his opinion denying the motion for reduction of the sentence imposed by the magistrate. 382 F.Supp. 1046 (D.C.So.D.Cal.1974).

**UNITED STATES of America, Appellant,**

v.

**The GARRETT CORPORATION, Appellee.**

**No. 74–1488.**

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1974.

Decided Oct. 16, 1974.

William M. Milligan, Gary Brinsfield, U. S. Attys., Dayton, Ohio, Lt. Col. John J. Stirk, Washington, D. C., George S. Hecker, St. Louis, Mo., for McDonnell Douglas, Charles A. Weiss, Francis Gaffney.

Paul Horstman, Edward B. Mitchell, Dayton, Ohio, Herbert L. Fenster, James J. Gallagher, Thomas L. Patten, Washington, D. C., for appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

### ORDER

The joint motion of the parties for remand of this case to the United States District Court for entry of a protective order is granted.

The protective order to be entered by the district court shall contain the following language:

The documents ordered to be produced shall not be disclosed for any purpose except as may be necessary in the normal course of litigation (including discovery and preliminary proceedings and trial on the merits) in the case of The Garrett Corporation v. McDonnell Douglas Corporation, CV 74466F in the United States District Court for the Central District of California. Documents which are classified shall be handled and safeguarded in accordance with current Department of Defense regulations regarding the use and handling of classified documents.

Wherefore it is ordered that this case be and it hereby is remanded to the United States District Court for the Southern District of Ohio, Western Division, for entry of the protective order recited herein.

**Robert Alan JONES, Individually, etc., Plaintiff-Appellant,**

v.

**Henry WADE, Individually, etc., and Frank Dyson, Individually, etc., Defendants-Appellees.**

**No. 72–1481.**

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1974.

Bill Barbisch, Austin, Tex., for plaintiff-appellant.

---

* The Honorable William P. Copple, United States District Judge for the District of Arizona, sitting by designation.

N. Alex Bickley, Joseph G. Werner, Dallas, Tex., for Dyson.

Henry Wade, Dist. Atty., Dallas, Tex., for Wade.

John L. Hill, Atty. Gen. of Tex., Jay Floyd, Gilbert J. Pena, Asst. Attys. Gen., Thomas M. Pollan, Austin, Tex., for State of Texas.

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORN-BERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRA-HAM and RONEY, Circuit Judges.

BY THE COURT:

In light of Steffel v. Thompson, 1974, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505, the en banc Court orders itself dissolved. The case is remanded to the panel for further proceedings.

Robert Alan JONES, Individually, etc.,
Plaintiff-Appellant,

v.

Henry WADE, Individually, etc., and
Frank Dyson, Individually, etc.,
Defendants-Appellees.

No. 72–1481.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1974.

Appeal from the United States District Court for the Northern District of Texas; Joe Ewing Estes, Judge.

Before TUTTLE, WISDOM and SIMPSON, Circuit Judges.

PER CURIAM:

By order dated Nov. 18, 1974, 504 F. 2d 427, this Court vacated its earlier or-

der putting this appeal en banc and, in light of Steffel v. Thompson,[1] remanded the appeal to the panel which had reversed the judgment of the district court.[2] Steffel v. Thompson, reversing and remanding Becker v. Thompson,[3] held that the principles set forth in Younger v. Harris[4] and Samuels v. Mackell[5] are inapplicable when no state prosecution is pending against a complainant seeking federal declaratory or injunctive relief against a threatened prosecution under an allegedly unconstitutional state statute. The Supreme Court held that the complainant need not show prosecutorial harassment or bad faith enforcement by the state and that federal jurisdiction in a declaratory judgment suit did not require that the statute be challenged on its face rather than as applied.

We reaffirm our judgment reversing and remanding the case to the district court, further proceedings to be consistent with our earlier opinion as modified by the effect of the Supreme Court's holding in Steffel v. Thompson.

UNITED STATES of America, and John C. Cronin, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,

v.

J. Louie CARTER, Defendant-Appellant.

No. 73–1414.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1974.

1. Steffel v. Thompson, 1974, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505.

2. Jones v. Wade, 5 Cir. 1973, 479 F.2d 1176.

3. Becker v. Thompson, 5 Cir. 1972, 459 F.2d 919, reh. en banc denied, 1972, 463 F.2d 1338.

4. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669.

5. Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688.